# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

JOHN FITZGERALD GASTON, #1128890,

    Petitioner,

v.                                                 ACTION NO. 2:11cv125

HAROLD W. CLARKE,
Director Virginia Department of Corrections,

    Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

### A. Background

Petitioner John Fitzgerald Gaston ("Petitioner" or "Gaston") was convicted in Norfolk Circuit Court for offenses which occurred in 1994, and is serving an 83 year sentence. Petitioner is currently serving his sentence in the Greensville Correctional Center. He is not challenging any aspect of his conviction, only the denials of parole by the Virginia Parole Board.

Petitioner became eligible for discretionary parole on May 2, 2006. Since that date, Petitioner has been reviewed for release by the Virginia Parole Board. He was reviewed by the

Board in 2006, 2007, 2008, 2009, 2010, and 2011. He has been denied discretionary parole after all of his hearings. After each parole hearing, Petitioner was furnished with "no grant" letters from the Virginia Parole Board detailing the reasons for not granting Petitioner discretionary parole. The primary reason cited in Petitioner's "no grant" letters is that due to the "serious nature and circumstances of his offenses and crimes he committed" he could not be released. Muse Aff. Enclosures B, C. Petitioner will have an opportunity to be reviewed for discretionary parole again in 2011 and will be eligible for mandatory parole June 13, 2050.

Petitioner filed a petition for a writ of habeas corpus to the Supreme Court of Virginia, alleging substantially the same grounds alleged in the petition before this Court. On February 1, 2011, the Supreme Court of Virginia dismissed Gaston's petition for habeas.

Petitioner filed the current petition for habeas corpus with this Court on February 25, 2011, pursuant to 28 U.S.C. § 2254 (2006). Pet., ECF No. 1. Respondent filed a Rule 5 Answer and Motion to Dismiss on April 15, 2011. ECF No. 6. Petitioner filed a response in opposition to Respondent's Motion to Dismiss on April 29, 2011. ECF No. 8. Petitioner also filed a motion for a perjury hearing against Mr. William W. Muse on April 29, 2011. ECF No. 9. Respondent filed a letter in response to the Motion for a Perjury Hearing on May 24, 2011. ECF No.10. Petitioner filed a response to the letter on June 1, 2011. ECF No. 11. To the extent that Petitioner requested an evidentiary hearing in his petition (Pet. at 8), the Court DENIES the request, as purely legal issues are presented and the record before the Court adequately resolves the legal issues raised. See Rule 8 of the Rules Governing Section 2254 Cases.

To the extent that Petitioner requests appointment of counsel (Pet. at 8), the Court DENIES the request, as there is no right to counsel in post-conviction proceedings. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (citing Pennsylvania v. Finley, 481 U.S. 551 (1987)). Since

Petitioner's request for an evidentiary hearing has been denied and Petitioner has no right to counsel, the request for a court appointed counsel is denied. Accordingly, the matter is now ripe for adjudication.

**B. Grounds Alleged**

Petitioner asserts that he is entitled to § 2254 relief because:

(1) Va. Code § 53.1-136(2), governing parole eligibility, is void for vagueness;

(2) Respondent has denied him release on parole without statutory authority;

(3) The Respondent has created a suspect class in violation of the Fourteenth Amendment; and

(4) The Executive Branch has denied him equal protection.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

**A. Exhaustion and Procedural Default**

In order for this Court to address the merits of this habeas petition, all of Petitioner's claims must be exhausted. See 28 U.S.C. § 2254(b) (2006). The exhaustion requirement is satisfied when the "essential legal theories and factual allegations advanced in federal court . . . [are] the same as those advanced at least once to the highest state court." Pruett v. Thompson, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), aff'd, 996 F.2d 1560 (4th Cir. 1993). As Pruett explains, "[t]his [exhaustion] requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing." Id. at 1436. "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) (quoting Martens v. Shannon, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may

be achieved either through direct appeal or in post-conviction proceedings. See O'Sullivan v. Boerckel, 526 U.S. 838, 844 (1999) (citing Brown v. Allen, 344 U.S. 443, 447 (1953)); see also Skipper v. French, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Gaston has exhausted the available state court claims as to all of the outlined allegations stated above as required by 28 U.S.C. § 2254(b). Gaston's petition to the Supreme Court of Virginia for writ of habeas corpus contained substantially similar claims raised in his petition to this Court. The Supreme Court of Virginia's dismissal order of February 1, 2011 constituted an adjudication on the merits. See Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011) (confirming that "§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'"); Parker v. Angelone, 959 F.Supp. 319 (E.D. Va. 1997) (detailing the prerequisites that a court opinion must contain to qualify as an "adjudication" under § 2254(d)). Accordingly, Petitioner has properly exhausted his state court claims and this action is ripe for federal review.

**B. Standard of Review**

Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2006).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict

with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Id. at 389.

**C. Merits**

   1. Ground 1

Petitioner has alleged in Ground 1 that Va. Code § 53.1-136(2)(a) is void for vagueness in violation of due process. Additionally, Petitioner claims that the vagueness invites arbitrary and discriminatory enforcement of the law. Petitioner has not proffered any law to support this claim. The Supreme Court has stated that discretionary parole "by its very definition" is subject to change "in the manner in which it is informed and then exercised." Garner v. Jones, 529 U.S. 244, 253 (2000). The Court sees this change, not as a denial of rights, but as a way to "adapt based on experience" and fluidly incorporate "[n]ew insights into the accuracy of predictions about the offense and the risk of recidivism consequent upon the offender's release," and other factors which inform parole decisions. Id. Petitioner has stated no factual basis to support the denial of due process claim.

The Fourth Circuit has held that "where [a] court has found that a parole statute establishes a liberty interest . . . inmates are entitled to no more than minimal procedure." Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). To establish minimal procedural due process requirements in a parole setting, the Board must do "no more than [provide] a statement of reasons indicating to the inmate why parole has been denied." Bloodgood v. Garraghty, 783 F.2d 470, 473 (4th Cir. 1986); see also Vann, 73 F.3d at 522.

The statute does not mandate parole to those eligible, nor does it create a liberty interest in

5

parole. To the extent that the statute grants Petitioner a limited interest in consideration of parole, the requirements of due process have been met. Petitioner has been reviewed by the Parole Board in the first quarter of every year, since becoming eligible for discretionary parole, and subsequently received written notification of why his parole was denied. Muse Aff. Enclosures B, C. The Supreme Court of Virginia's dismissal of Petitioner's habeas petition as meritless is not contrary to or an unreasonable application of federal law.

2. Ground 2

Petitioner has alleged in Ground 2 that the Parole Board's decision not to grant him discretionary release on parole is without statutory authority. He argues that Virginia Code mandates release once a prisoner is eligible for parole.

Petitioner argues that the word "shall" imposes a mandatory duty on the Parole Board to release Petitioner as soon as he is eligible. This argument is without merit. The statute does not contemplate a mandatory scheme, but instead allows for the Board to consider the "suitability" of the prisoner up for review. There is no requirement that all prisoners eligible for parole must be found suitable. The Parole Board considers a myriad of factors in determining if a prisoner is suited for early release. One of those factors is the nature of the crime for which the prisoner is in custody. The Parole Board adopts their own factors, pursuant to the statute and utilizes these factors to guide their decision. Resp't Mot. to Dismiss 6, ECF No. 6.

Further, prisoners have no fundamental constitutional right to parole. Id. at 862; Moss v. Clark, 886 F.2d 686, 690 (4th Cir.1989) (citing Greenholtz v. Inmates of the Nebraska Penal & Correctional Complex, 442 U.S. 1, 7 (1979); Wolff v. McDonnell, 418 U.S. 539, 557 (1974)). Although under no obligation to, Virginia established a parole system to determine whether prisoners may be released on parole. See Va. Code § 53.1-151 (2010) (establishing a prisoner's

eligibility for parole). "The Fourth Circuit has examined the [statutory] language and repeatedly held that it does not create a liberty interest in parole release." Neal v. Fahey, No. 3:07cv374, 2008 WL 728892, at *2 (E.D. Va. Mar. 18, 2008) (citing Hill v. Jackson, 64 F.3d 163, 170-71 (4th Cir. 1995)); see also Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991). However, prisoners in Virginia do enjoy a limited liberty interest in *consideration* for release on parole. Hill, 64 F.3d at 170; Neal, 2008 WL 728892, at *2 (emphasis added).

Va. Code § 53.1-136(2) states that the Parole Board shall release prisoners based on the terms and conditions the Board prescribes for inmates. The Board has the discretion to determine when the person is suitable for parole. The Virginia statute does not equate eligibility for parole with the person's suitability for release. Petitioner fails to establish that his denial of parole lacked statutory authority.

3. Ground 3

Petitioner's allegations in Ground 3 charge that Respondent created a suspect class in violation of the Fourteenth Amendment, Equal Protection Clause. Petitioner argues that while his parole requests were denied, Respondent released similarly situated prisoners. He cites the last name and offender number of a female prisoner who was released on parole after serving sixteen (16) years in prison.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend. XIV, § 1. To be successful on an equal protection claim, "a [petitioner] must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001). "Once this showing is made, the court proceeds to

determine whether the disparity in treatment can be justified under the requisite level of scrutiny." Id. Petitioner's argument does not involve similarly situated individuals and does not provide sufficient information to prove that the situations are similar. The last name, offender number, release date, and years served are insufficient facts when determining if two inmates are similarly situated. Further, inmates do not constitute a suspect class and, thus, are not adjudicated under a standard of strict scrutiny. Roller v. Gunn, 107 F.3d 227, 233 (4th Cir. 1997). Since Petitioner fails to meet this standard, there is no equal protection violation.

### 4. Ground 4

Finally, Petitioner's allegations in Ground 4 charge conspiracy in the executive branch of the Commonwealth in violation of the Equal Protection Clause. Petitioner claims this violation occurred because of implementation of "no parole" laws and a violation of separation of powers.

Petitioner's allegations cannot be relied upon in considering his legal challenge without underlying factual support. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) (stating that courts need not accept legal conclusions as true when couched as factual assertions). Furthermore, Parole Board members are subject to the approval or disapproval of both the Executive and Legislative branch, and confirmation by the General Assembly. Va. Code § 53.1-134. The legislative and executive ability to check the members of the Parole Board is sufficient to conclude that there is no separation of powers violation. Petitioner, therefore, fails to meet his burden of "clear and convincing evidence." 28 U.S.C. § 2254(e)(1). Because Petitioner presents no factual assertions in Ground 4, the Supreme Court of Virginia's decision to dismiss his habeas corpus petition is not contrary to nor an unreasonable application of federal law.

### 5. Motion for Perjury Hearing

Petitioner filed a Motion for Perjury Hearing in regard to witness statements made by

William W. Muse.  ECF No. 9.  Gaston argues that Muse unlawfully redacted state documents, lied under oath, and forged his signature on Parole Board documents.  Perjury involves "[w]hoever having taken an oath before a competent tribunal, [or] officer … willfully and contrary to such oath states or subscribes any material matter which he believes not to be true[.]"  18 U.S.C § 1621(1)(2006).  Petitioner's allegation of perjury, citing the unlawful redaction of state documents and lying under oath, is not supported with any factual assertions to warrant an investigation.  A conviction for perjury requires the sworn testimony of one individual plus corroborating witness testimony or circumstances.  United States v. Nessanbaum, 205 F.2d 93, 95 (3d Cir. 1953).  Petitioner puts forth no evidence to show that this standard could be met.  Petitioner's conclusory assertion cannot be relied on as true without factual support.  Iqbal, 129 S. Ct. at 1949-50.

Further, Petitioner's claim that Muse forged his signature on the Parole decisions is inaccurate since all parole decisions are electronically signed by the current Parole Board Chairman.  ECF No. 10.  Petitioner received the "no grant" parole decisions from 2006-2010, prior to Muse becoming Board Chairman.  However, the subsequent reprinting of the documents automatically attached Muse's signature to the "no grants."  There is no factual support to warrant an investigation into perjury charges.   Petitioner, therefore, fails to establish a claim for a perjury hearing against Muse.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends the petition for writ of habeas corpus be DENIED and the Respondent's Motion to Dismiss (ECF No. 6) be GRANTED.  After a review on the merits of Petitioner's claims, Gaston has failed to demonstrate that the Supreme Court of Virginia's decision to dismiss his petition for writ of habeas corpus was contrary to or an

9

unreasonable application of federal law.

The Court also recommends the Motion for Perjury Hearing (ECF No. 9) be DENIED. Petitioner did not set forth facts to support further investigation.

### IV. **REVIEW PROCEDURE**

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984), cert. denied, 474 U.S. 1019 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

                                              /s/
                                    Tommy E. Miller
                        UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
June 6, 2011

## CLERK'S MAILING CERTIFICATE

       A copy of the foregoing Report and Recommendation was mailed this date to the following:

John Fitzgerald Gaston, # 1128890
Greenville Correctional Center
901 Corrections Way
Jarratt, VA 23870

Lara K. Jacobs
Assistant Attorney General
Counsel for the Respondent
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

                                           Fernando Galindo, Clerk

                                           By_____
                                              Deputy Clerk
                                              June   , 2011