

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

JOHN FITZGERALD GASTON, #1128890

        Petitioner,

v.                                                                                          ACTION NO. 2:11cv125

HAROLD W. CLARKE, Director of the
Virginia Department of Corrections,

        Respondent.

<u>FINAL ORDER</u>

      This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violations of federal rights pertaining to Petitioner's denial of parole by the Virginia Parole Board.   As a result of a 1995 conviction in the Circuit Court for the City of Norfolk of first degree murder, malicious wounding, and two counts of use of a firearm in the commission of a felony, Petitioner was sentenced to serve eighty-three years in the Virginia penal system.

      The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation.   The Report and Recommendation filed June 6, 2011, recommends dismissal of the petition.   Each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On June 20, 2011 the Court received Petitioner's Objections to the Report and Recommendation. ECF No. 13.

      Petitioner objects to the Magistrate Judge's recommendation that his petition for writ of

habeas corpus be denied, and renews his arguments found within the petition. The Court has conducted a de novo review of the Petitioner's arguments, which were fairly categorized by the Report and Recommendation into constitutional issues of denial of due process and violations of the Equal Protection Clause. The Report and Recommendation also noted that Petitioner made a Motion for Perjury Hearing. As was noted in greater detail in the Report and Recommendation, the standard of review applied seeks "to ensure a level of 'deference to the determinations of state courts.'" Williams v. Taylor, 529 U.S. 362, 386 (2000). Only where the Virginia Supreme Court's final conclusions conflict with federal law or apply federal law in an unreasonable way, may this Court reverse the Virginia Supreme Court's denial of the petition for writ of habeas corpus. Id. The record demonstrates that Petitioner received periodic reviews by the Parole Board, and was furnished with "no grant" letters following each review. This procedure meets the minimal standards required, and the Court finds no due process violation.

Further, Petitioner's challenge of the phrase "found suitable" as void for vagueness is acknowledged in the Report and Recommendation. Va. Code § 53.1-136(2)(a) is not void for vagueness because specific factors are used by the Parole Board and applied equally to all inmates in order to determine which prisoners are "suitable" for parole. These factors include the nature of the offender's current offense, the length of the sentence, the length of time served, criminal history, prior experiences under supervision, risk to the community, personal and social history, institutional experience, changes in behavior, release plan, and community and family resources. Muse Aff. 2-3, ECF No. 6-2. Therefore, there is no denial of due process.

In order to demonstrate that Petitioner's equal protection rights have been violated, he must demonstrate that he has been treated differently from others similarly situated and that the

2

treatment was the result of intentional or purposeful discrimination. _Morrison v. Garraghty_, 239 F.3d 648, 654 (4th Cir. 2001). Since Petitioner does not belong to a "suspect classification," the policy will be presumed valid if rationally related to a legitimate state interest. _See City of Cleburne v. Cleburne Living Ctr., Inc._, 473 U.S. 432, 440 (1985); _Moss v. Clark_, 886 F.2d 686, 690 (4th Cir. 1989) ("Prisoners are not a suspect class"). Considerations of parole are lawfully delegated to the Virginia Parole Board who is best suited to evaluate inmates' suitability for parole. The Petitioner has not demonstrated that he is the victim of purposeful discrimination or rebutted the presumption that the Parole Board's policies are valid, therefore, the claims based upon alleged violations of the Equal Protection Clause fail.

Petitioner's remaining objections are addressed adequately by the Magistrate Judge's Report and Recommendation.

The Court, having reviewed the record and examined the objections filed by Petitioner to the Report and Recommendation, and having made _de novo_ findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report and Recommendation filed June 6, 2011. It is, therefore, ORDERED that the petition be DENIED and DISMISSED. It is further ORDERED that judgment be entered in favor of Respondent.

Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. _See Miller-El v. Cockrell_, 537 U.S. 322, 335-36 (2003).

Petitioner is hereby notified that he may appeal from the judgment entered pursuant to

3

this Final Order by filing a <u>written</u> notice of appeal with the Clerk of this court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within 30 days from the date of entry of such judgment.

The Clerk shall mail a copy of this Final Order to Petitioner and counsel of record for Respondent.

_____/s/
Raymond A. Jackson
**United States District Judge**

_____
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 20, 2011

4